## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI
## EASTERN DIVISION

| | |
|---|---|
| DOMINIQUE TAYLOR, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | )   Case No. 4:19-CV-3188 RLW |
| | ) |
| CHARTER, | ) |
| | ) |
| Defendant. | ) |

## MEMORANDUM AND ORDER

This matter is before the Court upon the motion of *pro se* plaintiff Dominique Taylor for

leave to commence this action without prepayment of the required filing fee. Having reviewed the

motion and the financial information submitted in support, the Court will grant the motion and

waive the filing fee. Furthermore, after reviewing the complaint, the Court will direct plaintiff to

show cause as to why this action should not be dismissed for lack of subject matter jurisdiction.

*See* Fed. R. Civ. P. 12(h)(3).

### The Civil Complaint

Plaintiff filed his civil complaint on December 2, 2019, against defendant "Charter"[1] for

"theft / home invasion." ECF No. 1 at 3. Plaintiff's 'Statement of the Claim' is as follows:

> Two workers from Charter came into my house and rob[bed] me one at a time. It
> happen[ed at] the begin[ning] of this year. It happen[ed] at my house. I suffered
> home invasion and theft. The two workers stole something from my house. A
> cord and a game disc.

*Id.* at 5. Plaintiff attached a one-page, typed statement to his complaint which provides further

detail on the items taken and the suspected perpetrators. *Id.* at 7. Plaintiff states that he could

---

[1] Based on the allegations of plaintiff's complaint, the Court presumes plaintiff is referring to "Charter Spectrum" a local television, internet, and phone services company.

not call the police when this theft and home invasion occurred because he was unconscious. Then, after he thought about it for a while, he decided "it best just to sue Charter." *Id.* For relief, plaintiff "would like the government to do something about this" and he would like his cord and disc to be replaced. *Id.*

## Discussion

"In every federal case the court must be satisfied that it has jurisdiction before it turns to the merits of other legal arguments." *Carlson v. Arrowhead Concrete Works, Inc.*, 445 F.3d 1046, 1050 (8th Cir. 2006). The Court has the duty to determine its jurisdiction, and raise the issue of subject matter jurisdiction *sua sponte*, if necessary. *See City of Kansas City, Mo. v. Yarco Co., Inc.*, 625 F.3d 1038, 1040 (8th Cir. 2010). The Court must dismiss any action over which it determines that it lacks subject matter jurisdiction. Fed. R. Civ. P. 12(h)(3).

Federal courts are courts of limited jurisdiction. The Court has jurisdiction to hear cases involving the Constitution, laws, or treaties of the United States under 28 U.S.C. § 1331, and the Court can hear cases where diversity jurisdiction exists under 28 U.S.C. § 1332. The instant action does not arise under the Constitution, laws, or treaties of the United States, so federal question jurisdiction pursuant to 28 U.S.C. § 1331 is inapplicable. Therefore, the Court may only hear this case if diversity jurisdiction exists.

Under 28 U.S.C. § 1332, the Court has diversity jurisdiction over cases where the parties reside in different states and where the amount in controversy is more than $75,000. It does not appear that diversity jurisdiction exists here because the amount in controversy is the cost of a "Wii switch" cord and a "dark souls 3" game disc, which seemingly does not exceed $75,000 as required. *See* ECF No. 1 at 7. As a result, the Court will order plaintiff to show cause why this action should not be dismissed for lack of jurisdiction.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion for leave to proceed *in forma pauperis* [ECF No. 3] is **GRANTED** and the filing fee is waived.

**IT IS FURTHER ORDERED** that plaintiff must show cause no later than **twenty-one (21) days** from the date of this Order as to why this action should not be dismissed for lack of subject matter jurisdiction.

**Plaintiff's failure to timely comply with this Order could result in the dismissal of this action, without prejudice and without further notice.**

Dated this 2nd day of January, 2020.

RONNIE L. WHITE
UNITED STATES DISTRICT JUDGE