# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| DOMINIQUE TAYLOR, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 4:19-CV-3188 RLW |
| ) | |
| CHARTER, ) | |
| ) | |
| Defendant. ) | |

## **MEMORANDUM AND ORDER**

This matter is before the Court upon review of the file. On January 2, 2020, this Court ordered *pro se* plaintiff Dominique Taylor to show cause as to why this action should not be dismissed for lack of subject matter jurisdiction. The Court cautioned plaintiff that his failure to timely comply with the order would result in the dismissal of his case. Plaintiff's response was due by January 24, 2020.

To date, plaintiff has neither responded to the Court's order, nor sought additional time to do so. Plaintiff was given meaningful notice of what was expected, he was cautioned that his case would be dismissed if he failed to timely comply, and he was given ample time to comply. The Court will therefore dismiss this action, without prejudice, due to plaintiff's failure to comply with the Court's May 14, 2019, order and his failure to prosecute his case. *See* Fed. R. Civ. P. 41(b); *see also Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-31 (1962) (the authority of a court to dismiss *sua sponte* for lack of prosecution is inherent power governed "by the control necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases"); *Brown v. Frey*, 806 F.2d 801, 803 (8th Cir. 1986) (a district court has the power to dismiss an action for the plaintiff's failure to comply with any court order).

The Court also finds that dismissal is appropriate here due to a lack of jurisdiction. The Court has the duty to determine its jurisdiction, and raise the issue of subject matter jurisdiction *sua sponte*, if necessary. *See City of Kansas City, Mo. v. Yarco Co., Inc.*, 625 F.3d 1038, 1040 (8th Cir. 2010). The Court must dismiss any action over which it determines that it lacks subject matter jurisdiction. Fed. R. Civ. P. 12(h)(3). Federal courts are courts of limited jurisdiction. The Court has jurisdiction to hear cases involving the Constitution, laws, or treaties of the United States under 28 U.S.C. § 1331, and the Court can hear cases where diversity jurisdiction exists under 28 U.S.C. § 1332.

Plaintiff filed his civil complaint on December 2, 2019, against defendant "Charter" for "theft / home invasion." ECF No. 1 at 3. The instant action does not arise under the Constitution, laws, or treaties of the United States, so federal question jurisdiction pursuant to 28 U.S.C. § 1331 is inapplicable. Similarly, the Court lacks jurisdiction under 28 U.S.C. § 1332, because the alleged amount in controversy (the cost of a "Wii switch" cord and a "dark souls 3" game disc), is not more than $75,000. *See* ECF No. 1 at 7. Accordingly,

**IT IS HEREBY ORDERED** that this case is **DISMISSED** without prejudice for plaintiff's failure to comply with a Court order and for lack of jurisdiction. Fed. R. Civ. P. 41(b) & 12(h)(3). A separate order of dismissal will be entered herewith.

**IT IS FURTHER ORDERED** that plaintiff's motion for appointment of counsel [ECF No. 2] is **DENIED as moot.**

**IT IS HEREBY CERTIFIED** that an appeal from this dismissal would not be taken in good faith.

Dated this 3rd day of February, 2020.

RONNIE L. WHITE
UNITED STATES DISTRICT JUDGE